**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SRAM, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| RACE FACE PERFORMANCE | ) | **JURY TRIAL DEMANDED** |
| PRODUCTS and RFE HOLDING | ) | |
| (CANADA) CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

COMES NOW Plaintiff SRAM, LLC ("SRAM") and for its Complaint for Patent Infringement against Defendants Race Face Performance Products and RFE Holding (Canada) Corp. (collectively "Defendants" or "Race Face"), states as follows:

**PARTIES**

1.      SRAM is a limited liability company organized and existing under Delaware law and has its principal place of business at 1000 West Fulton Market, 4th Floor, Chicago, Illinois 60607.

2.      On information and belief, Defendant Race Face Performance Products is a Canadian sole proprietorship, with a place of business at 3145 Thunderbird Crescent, Burnaby, British Columbia, Canada V5A 3G1.

3.      On information and belief, Defendant RFE Holding (Canada) Corp. is a Canadian corporation that has purchased certain asserts of Defendant Race Face Performance Products and is also doing business under the name "Race Face", with a place of business at #209-8327 East Lake Drive, Burnaby, British Columbia, Canada V5A 4W2.

## JURISDICTION AND VENUE

4.      This is a civil action brought by SRAM for patent infringement committed by Defendants Race Face and arising under the patent laws of the United States, specifically, Title 35 of the United States Code.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

7.      A substantial part of the events giving rise to SRAM's claims occurred in this District.

8.      Defendants Race Face may be found and/or reside in this District by virtue of their activities in this District.

9.      Directly and/or through intermediaries, Defendants Race Face sell and distribute bicycle components, including bicycle chainrings, in the United States and in this District.

10.     More specifically, Defendants Race Face make, use, sell, offer for sale, and/or import into the United States products advertised as bicycle chainrings with "Narrow Wide tooth profiling" to "ensur[e] ultimate chain retention," and further described on its website at http://www.raceface.com/products/details/dm---cx---narrowide, http://www.raceface.com/products/details/dm-narrow-wide-cinch-single-ring, http://www.raceface.com/products/details/dm-narrow-wide-sram-compatible-single-ring, http://www.raceface.com/products/details/narrow-wide-single-ring,                    and http://www.raceface.com/products/details/cx-narrow-wide-single-ring, with examples shown below (hereinafter "Race Face Chainring" or "Race Face Chainrings"):





11.     The Race Face Chainrings have been sold in, offered for sale in, and/or imported into the United States and/or in this District by Defendants Race Face or an authorized agent thereof.

12.     Defendants' bicycle components, such as the Race Face Chainrings, are available for purchase or offered for sale at bicycle shops and stores in the United States and in this District.

3

13.     Defendants Race Face advertises their bicycle components, such as the Race Face Chainrings, in the United States and in this District.

14.     Defendants' bicycle components, such as the Race Face Chainrings, are placed on bicycles in the United States and in this District.

15.     Defendants' bicycle components, such as the Race Face Chainrings, are intended to operate as advertised on Race Face's website (www.raceface.com) and as described in its associated marketing materials.

16.     Defendants Race Face have committed acts of patent infringement in this District.

17.     Defendants Race Face, directly and/or through intermediaries, have for a time past and still are purposefully shipping, selling, and/or offering for sale, whether alone or as part of an end product, the Race Face Chainrings in the United States and the State of Illinois, and, more specifically, in this judicial district in competition with SRAM's products.

## BACKGROUND

18.     United States Patent No. 9,291,250 B2 ("the '250 patent") issued on March 22, 2016, bearing the title "CHAINRING" and naming Markus Reiter, Raymond Florczyk, and Henrik Braedt as inventors.  A copy of the '250 patent is attached hereto as Exhibit A.

19.     SRAM is the owner by assignment of all right, title and interest in and to the '250 patent and has full and exclusive right to bring suit and enforce the '250 patent and to collect damages for infringement.  SRAM thus has standing to sue for infringement of the '250 patent.

20.     The '250 patent claims the invention of a bicycle chainring having particular features, as set forth in columns 6 through 10 of the '250 patent.

21.     The Race Face Chainring is a bicycle chainring of a bicycle crankset for engagement with a drive chain.

4

22.     The Race Face Chainring has a plurality of teeth extending from a periphery of the chainring.

23.     Roots of the plurality of teeth of the Race Face Chainring are disposed adjacent the periphery of the chainring.

24.     The plurality of teeth of the Race Face Chainring includes a first group of teeth and a second group of teeth.

25.     Each of the first group of teeth of the Race Face Chainring is wider than each of the second group of teeth of the Race Face Chainring.

26.     At least some of the second group of teeth of the Race Face Chainring are arranged alternatingly and adjacently between the first group of teeth of the Race Face Chainring.

27.     The drive chain for engagement with the Race Face Chainring is a roller drive chain.

28.     The drive chain for engagement with the Race Face Chainring includes alternating outer and inner chain links defining outer and inner link spaces, respectively.

29.     Each of the first group of teeth of the Race Face Chainring is sized and shaped to fit within one of the outer link spaces of the drive chain.

30.     Each of the second group of teeth of the Race Face Chainring is sized and shaped to fit within one of the inner link spaces of the drive chain.

31.     A maximum axial width about halfway between a root circle and a top land of the first group of teeth of the Race Face Chainring fills at least 80 percent of an axial distance defined by the outer link spaces of the drive chain.

32.     Each of the first group of teeth of the Race Face Chainring fills at least 85 percent of an axial distance defined by the outer link spaces of the drive chain.

5

33.     Each of the second group of teeth of the Race Face Chainring fills at least 75 percent of an axial distance defined by the inner link spaces of the drive chain.

34.     Each of the second group of teeth of the Race Face Chainring fills at least 80 percent of an axial distance defined by the inner link spaces of the drive chain.

35.     Each of the plurality of teeth of the Race Face Chainring includes an outboard side and an inboard side opposite the outboard side.

36.     Each of the first group of teeth of the Race Face Chainring includes at least a first protrusion on one of the outboard side and the inboard side of the Race Face Chainring, and each of the second group of teeth of the Race Face Chainring are free of the first protrusion.

37.     Each of the first group of teeth of the Race Face Chainring includes at least a second protrusion on the other of the outboard and inboard sides of the Race Face Chainring.

38.     The first group of teeth of the Race Face Chainring has a cross-shaped cross section adjacent a top land thereof and adjacent a base thereof.

39.     The Race Face Chainring is configured to guide and maintain the drive chain thereon.

40.     The first group of teeth of the Race Face Chainring is wider than the inner link spaces of the drive chain.

41.     The second group of teeth of the Race Face Chainring has a rectangular-shaped cross-section adjacent a top land thereof and adjacent a base thereof.

42.     The plurality of teeth of the Race Face Chainring consists of an even number.

43.     Each of the first group of teeth of the Race Face Chainring are arranged alternatively between the second group of teeth.

44.     The Race Face Chainring is part of a bicycle crankset, with a crank arm including a single bicycle chainring as the only chainring attached to the crank arm.

45.     The Race Face Chainring is part of a bicycle drivetrain, with the drivetrain including a plurality of rear hub mounted sprockets, a roller drive chain connecting one of the plurality of sprockets to the chainring, and the drive chain including alternating outer and inner chain links defining outer and inner link spaces, respectively.

46.     Defendants make bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

47.     Defendants use bicycle chainrings, including the Race Face Chainrings identified above, in the United States.

48.     Defendants sell bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

49.     Defendants offer to sell bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

50.     Defendants import and/or otherwise provide bicycle chainrings, including the Race Face Chainrings identified above, to persons for use in the United States.

## COUNT I
### (Infringement of U.S. Patent No. 9,291,250 B2 by Defendants Race Face)

51.     SRAM hereby incorporates, as though fully set forth herein, the allegations of paragraphs 1 through 49 of this Complaint.

52.     Defendants have infringed and continue to infringe the '250 patent by making, using, selling, and/or offering for sale within the United States or importing into the United States systems that embody one or more of the claims of the '250 patent, including at least claims 1-4

and 6-13 of the '250 patent, and/or by contributing to infringement, inducing others to infringe the '250 patent, and/or carrying acts constituting infringement under 35 U.S.C. § 271(f).

53.     On information and belief, Defendants knew of SRAM's patent-pending technology relating to bicycle chainrings, including the application giving rise to the '250 patent, before the initiation of the present action and therefore Race Face's actions have been both willful and deliberate.

54.     Defendants have had knowledge of the '250 patent since at least the filing date of this Complaint.

55.     Defendants will continue to willfully infringe the '250 patent unless enjoined by this Court, which has resulted and will continue to result in irreparable harm to SRAM.

56.     As a direct and proximate result of the infringement by Defendants Race Face of the '250 patent, SRAM has been and continues to be damaged in an amount yet to be determined.

## REQUEST FOR RELIEF

WHEREFORE, SRAM respectfully prays for judgment against Defendants Race Face as follows:

A.     For a judgment holding Defendants Race Face liable for infringement of the '027 patent;

B.     For an award of damages adequate to compensate SRAM for Defendants Race Face's infringement of the '250 patent, including treble damages and other damages allowed by 35 U.S.C. § 284;

C.     For injunctive relief enjoining Defendants Race Face, their officers, agents, servants, employees and attorneys and all other persons in active concert or participation with them as follows:

(i)     from manufacturing any products falling within the scope of the claims of the '250 patent;

(ii)     from using any product falling within the scope of any of the claims of the '250 patent;

        (iii)      from selling, offering to sell, licensing or purporting to license any product falling within the scope of any of the claims of the '250 patent;

        (iv)      from importing any product into the United States which falls within the scope of the '250 patent;

        (v)      from actively inducing others to infringe any of the claims of the '250 patent;

        (vi)      from engaging in acts constituting contributory infringement of any of the claims of the '250 patent; and

        (vii)      from all other acts of infringement of any of the claims of the '250 patent;

D.      That Defendants Race Face be ordered to deliver up for destruction all infringing products in their possession;

E.      That this be declared an exceptional case and that SRAM be awarded its attorneys' fees against Defendants Race Face pursuant to 35 U.S.C. § 285;

F.      For such further relief as this Court deems SRAM may be entitled to in law and in equity.

## JURY DEMAND

Plaintiff SRAM demands a trial by jury as to all claims and all issues properly triable thereby.

9

Dated:  May 16, 2016                  Respectfully submitted,

**LEWIS RICE LLC**

By:    /s/ Richard B. Walsh, Jr.
          Richard B. Walsh, Jr. (No. 6187007)
          Michael J. Hickey (No. 6272404)
600 Washington Ave., Suite 2500
St. Louis, Missouri  63101
Telephone:  (314) 444-7600
Facsimile:  (314) 241-6056

Robert E. Browne (No. 0321761)
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606-7507
Telephone:  (312) 207-2811
Facsimile:  (312) 207-6400

Attorneys for Plaintiff SRAM, LLC